```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

ALBERT M. ROBINSON,

       Plaintiff,

v.                                    Case No: 2:13-cv-616-FtM-29DNF

MARIANITO O. ASPERILLA and
KURT R. SEPTER,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on the plaintiff's Motion for Partial Summary Judgment (Doc. #26) filed on March 17, 2014. Defendants filed a Response to Plaintiff's Motion for Summary Judgment (Doc. #28) on March 26, 2014. Plaintiff filed a Motion to Strike the Affidavit of Defendant Kurt Robert Septer (Doc. #31) on April 8, 2014, and defendants filed a Response to the Motion to Strike (Doc. #34) on April 18, 2014.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material"

if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp.

Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment."  Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

Plaintiff Albert M. Robinson filed this action against Dr. Marianito O. Asperilla and Kurt R. Septer on August 22, 2013, to secure relief for violations of the federal civil Racketeer Influenced and Corrupt Organizations Act (RICO).  (Doc. #1.) Plaintiff asserts that he is entitled to summary judgment because the undisputed facts demonstrate that defendants stole his mobile billboard trailer and boat.  As the moving party, plaintiff bears the burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact.  After reviewing the record, the Court finds that plaintiff has failed to demonstrate the absence of a genuine issue of material fact.

Section 1962(c) of the RICO Act makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce,

to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To establish a federal civil RICO violation under § 1962(c), the plaintiff must prove (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and (5) injury to "business or property" (6) that was "by reason of" the substantive RICO violation. Williams v. Mohawk Indus., 465 F.3d 1277, 1282 (11th Cir. 2006), cert. denied, 549 U.S. 1260 (2007) (citing 18 U.S.C. §§ 1962(c), 1964(c)). For purposes of plaintiff's motion, the Court will only address elements (3) and (4)-a pattern of racketeering activity.

To establish a pattern of racketeering activity, plaintiff must establish at least two distinct but related acts of racketeering activity. Williams, 465 F.3d at 1283. According to 18 U.S.C. § 1961, the term "racketeering activity" includes, among other things, any act which is indictable under 18 U.S.C. § 1951. 18 U.S.C. § 1961(1)(B). Section 1951 provides as follows:

> **(a)** Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> **(b)** As used in this section—
>
> **(1)** The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual

4

or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

**(2)** The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

18 U.S.C. § 1951(a)-(b)(1)-(2).

In this case, plaintiff asserts that defendants committed two acts of theft that interfered with interstate commerce in violation of § 1951. Plaintiff, however, has failed to present any evidence supporting this assertion.[1] Even if plaintiff were to establish that defendants committed two acts of theft, he would still not be entitled to summary judgment because he has failed to allege or establish that defendants took the property through the use of actual or threated force. See 18 U.S.C. § 1951(b). Because plaintiff has failed to establish a RICO violation, his motion for summary judgment is denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #26) is **DENIED**.

---

[1]Plaintiff's evidence actually contradicts his position. The investigation reports from the Charlotte County Sheriff's Office conclude that no crime was committed because the billboard trailer was not stolen. (Doc. #26-6.)

5

    2.   Plaintiff's Motion to Strike the Affidavit of Defendant Kurt Robert Septer (Doc. #31) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of May, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Pro se parties
Counsel of record